## BRADY *a.* BISSELL.

*New-York Superior Court ; Special Term, November,* 1854.

### ARREST.—VERIFIED COMPLAINT.

Where the summons and complaint have been served, and were before the judge upon an application for an order of arrest, based upon affidavit, the plaintiff is entitled to refer to the complaint, if verified, in support of the order, where the affidavit proves defective.

Certain allegations of fraud inserted in a complaint, sustained.

Allegations of fraud in a complaint upon contract, do not change the substantial nature of the cause of action, nor render it non-assignable.

The facts sufficiently appear in the opinion of the court.

*J. Livingston,* for plaintiff.

*G. Schufeldt,* for defendant.

HOFFMAN, J.—An order of arrest was granted on the 6th of October, 1854, reciting that it appeared by affidavit that a sufficient cause of action existed, and that the case was one of those mentioned in the 179th section of the Code. The defendant was ordered to be held to bail in $600. The affidavit was made by one Charles Jackson, stating that he had been a soldier in the Mexican war, had received a wound, and became entitled to a pension ; that the defendant had advertised he was an agent or attorney to collect pensions, and that at the defendant's solicitation, he (Jackson) had employed him to prepare the papers to obtain it, for which the defendant was to receive $100 ; that defendant forwarded such papers to Washington. That on the 3d of June, 1854, defendant, by

false representations of the difficulties in getting the pension, and the doubtfulness of the plaintiff's claim, obtained from him a paper which was read to him by defendant, and purported to be an assignment of all arrears of pension to defendant, for which the sum of $200 was paid. That on the same day, and within an hour after such interview, Vanburgh Livingston, pension agent of the United States, paid to one Simeon Ward, who purported to be the attorney of plaintiff, the sum of $559 73, the arrears of pension due the plaintiff. That the plaintiff never authorized Ward to receive such pension; but if he had any letter of attorney, the signature must have been obtained by fraud, and by Bissell's reading to him a different paper. It is then stated, that previous to the transaction with defendant on the 3d of June, the latter had obtained positive information that the pension had been allowed; that Bissell conspired with Ward to cheat him, and that defendant, through Ward, received the 559 73, and converted the same to his own use. This affidavit was sworn to on the 4th of October, and the order of arrest was dated the 6th. The complaint was sworn to on the 29th of September. Although it appears from the sheriff's certificate that the summons and complaint were not served by him with the order of arrest and affidavit, yet it is admitted that such service had been made on the 7th of October. It is now admitted that the summons and complaint were before the judge when he granted the order of arrest.

It is objected, that on the affidavit it does not appear that the plaintiff has any cause of action; and that the fact of the complaint being before the judge, cannot make a difference. It is stated in the complaint that Jackson, the pensioner, had assigned all his interest to him, the plaintiff, and the complaint demands judgment for the sum of $559 73, and interest; but on the affidavit that does not appear. The 181st section provides that the arrest may be ordered in the cases in which it is at all allowed, upon the affidavit of the plaintiff, or of any other person, showing a sufficient cause of action to exist. It is reasonable to construe this as meaning a cause of action to exist in the plaintiff. By section 183, the order may be made to accompany the summons, or at any time afterwards, before judgment; so that the arrest would be void if made without

service of a summons at the time, unless the suit had been commenced by a service previously. By section 184, the affidavit and order of arrest shall be delivered to the sheriff, who shall deliver a copy to the defendant. If the defendant had not been served with the complaint, he would have been arrested upon an affidavit which did not show any title to sue him, in the plaintiff. But the complaint was served on the 29th of September previous, and is now shown to have been before the Judge, although not referred to in the order, as one ground of its being granted. A sworn complaint is equivalent to an affidavit. In a late case, where the affidavit was in one point defective, but the defect was supplied by the complaint, I granted the order reciting that it appeared by affidavit, and the complaint duly sworn to, that a cause of action existed, &c. I am of opinion that where the summons and complaint has been served, and is laid before the judge, upon an application for an arrest upon an affidavit, the plaintiff is entitled to refer to it, in order to sustain the order where the affidavit itself is defective. In other words, both documents may be treated as forming the ground of the order, although but one of them is mentioned.

Upon the merits, if this difficulty is obviated, I should sustain the order of arrest. In the first place, the affidavit of Simeon Ward, produced by the defendant, states that Jackson executed, on the 30th May, nominally to him, but in fact for Manuel de Puga, a power of attorney and sale and assignment of all arrears of pension due on any pension certificate that might have been issued to Jackson. Under this, he states he received from Livingston on the 3d of June, 1854, $559 48, as arrears of pension on Jackson's pension certificate up to the 4th of March, 1854. And yet it appears that on the 3d of June, 1854, he swore that he had no interest in the money to be received, either by any pledge, sale, assignment or transfer, and that he did not know or believe that the same had been so disposed of to any persons whatever. Again, he says, he is informed and believes, that the purchase, sale and assignment of the said Jackson's pension arrearages were made by said defendant on account of said Manuel de Puga. So Bissell says that Jackson offered to sell his claim for $200, to

be paid by De Puga, through defendant, as his agent, and for money paid and services rendered by the defendant as agent, in or about his (Jackson's) business; and said Jackson did then and there sell and assign in part to De Puga, although nominally to ward all such arrears of pension, and the proposition was by the defendant, as such agent, agreed to, and a contract between the parties then and there agreed. It is remarkable that Bissell no where explicitly denies having read some paper to Jackson, in his office, and getting him to sign it, purporting to transfer his pension claim; nor is there any explicit or intelligible denial of his having then some information that the pension had been allowed. I think there is enough in the case to sustain the arrest. The frame of the complaint, and of the order, is an employment of the defendant as agent to collect the pension, and fraudulent representations and acts by him, through which the pensioner was induced to transfer it to him for a small amount, and hence that the original cause of action is unaffected by any such transfer, and the defendant must be adjudged to pay the amount. If the complaint had stated the employment and reception of the money merely, and the answer had set up an assignment or transfer, no reply would have been allowed to state facts to set it aside. I see no objection to make allegations to that effect in the complaint, and they will not change the real nature of the action as one upon contract. This view answers the objection that the claim is not assignable, and also the motion to amend the complaint. Both motions are denied, with five dollars costs in each motion.